IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| JOHN H. BOLDIN<br><br>ADC # 138089<br>    Petitioner,<br>v.<br><br>RAY HOBBS, Director,<br>Arkansas Department of Correction<br>    Respondent. | )<br>)<br>)    **Case No. 5:10-CV-00352 SWW-JTK**<br>)<br>)<br>)<br>)<br>)<br>) |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by John Boldin on December 9, 2010 (Doc. No. 1). A response was filed by Respondent Ray Hobbs on April 6, 2011 (Doc. No. 15). Petitioner filed his reply on November 29, 2011 (Doc. No. 11). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

Petitioner was found guilty of first-degree murder and aggravated robbery in the Logan County (Arkansas) Circuit Court on February 5, 2007. He was sentenced to consecutive terms of life and forty years' imprisonment, and he is currently serving those terms in the Arkansas Department of Correction. Petitioner directly appealed his conviction to the Arkansas Supreme Court with arguments that the trial court erred by 1) denying his motions for a directed verdict

and to suppress evidence and 2) limiting his presentation of his defense. This appeal was denied on April 24, 2008. *Boldin v. State*, 373 Ark. 295, 283 S.W.3d 565 (2008).

On July 25, 2008, Petitioner filed a motion for postconviction relief pursuant to Ark. R. Crim. P. 37.1 alleging various claims of ineffective assistance of counsel, but that motion was denied as untimely on August 12, 2008. Petitioner subsequently appealed that decision to the Arkansas Supreme Court, but the previous denial was affirmed. *Boldin v. State*, No. CR08-1029, 2008 WL 4958294 (Ark. Nov. 20, 2008) (unpublished). In addition to being untimely, the Arkansas Supreme Court noted that his petition was also subject to dismissal because it exceeded the applicable page limits. *Id.* at n.1.

On May 22, 2009, Petitioner filed a state habeas corpus petition based on the following arguments: 1) the trial court erred by refusing to suppress evidence presented by the State at his trial; 2) testimony from three of the State's witnesses should have been suppressed at trial because it was unreliable; 3) the trial court erred by failing to declare State's witnesses Cody Young, Savannah Carter, and Dustin Carter accomplices to the crimes; 4) the trial court erred by refusing to give an accomplice jury instruction; 5) substantial evidence did not support his first-degree murder and aggravated-robbery convictions; 6) his attorney's failure to investigate statements made by Jonathon Troxel, Christopher Myers, and Johna Bell constituted ineffective assistance of counsel; 7) the trial court erred by allowing the State to introduce photographs of the victim's body and headstone into evidence; 8) the trial court erred by not allowing Boldin's mother, Coleen Willis, to testify during the sentencing phase; and 9) he was entitled to EDTA or other scientific testing under Ark. Code Ann. § 16-112-201 et. seq. (Resp't's Resp. Ex. H, Doc. No. 15). That petition was denied on July 27, 2009, because the first eight claims were not properly considered in a state habeas petition and because the court lacked jurisdiction to

consider his claim regarding scientific testing. *Id.* at Ex. I.  Petitioner subsequently attempted to appeal that decision on August 31, 2009, but the Arkansas Supreme Court declined to lodge the record because the notice of appeal was untimely. *Id.* at Ex. J.

**Discussion**

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following sixteen[1] grounds: 1) the trial court erred under the Arkansas Rules of Criminal Procedure by failing to suppress his statement and the evidence seized from the vehicle; 2) the trial court erred by limiting his defense due to an alleged discovery violation because he was not required to disclose any accomplice defense; 3) the evidence was insufficient to support his convictions for first-degree murder and aggravated robbery; 4) trial counsel was ineffective because he failed to investigate and call witnesses; 5) trial counsel was ineffective because he failed to move to suppress the results of DNA and firearms testing; 6) trial counsel was ineffective because he failed to ask the trial court to declare that the State's witnesses, Cody Young, Savannah Carter, and Dustin Carter were accomplices; 7) trial counsel was ineffective because he failed to request a jury instruction on accomplice liability; 8) trial counsel was ineffective because he failed to challenge the sufficiency of the evidence; 9) the circuit court erred by not holding a hearing on his Rule 37 petition; 10) the trial court erred by admitting into evidence allegedly prejudicial photographs of the victim; 11) the trial court erred by not allowing Petitioner's mother to testify during the sentencing phase; 12) the trial court erred by permitting introduction of the results of DNA and firearms testing; 13) the trial court erred by not declaring that the State's witnesses, Cody Young, Savannah Carter, and Dustin Carter were accomplices; 14) the trial court erred by not giving an accomplice jury instruction; 15) the circuit court erred by denying state-habeas

---

[1] Although it is not particularly clear from the petition, the Court believes that this list includes all of Petitioner's claims.  Several of Petitioner's claims were identical and have not been listed twice.

relief; and 16) newly discovered evidence proves he is actually innocent and excuses his procedural default. However, the merits of these claims will not be addressed because Petitioner's claims are time-barred.[2]

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct appeal was denied by the Arkansas Supreme Court on April 24, 2008. Thus, the limitations period began to run ninety days later on July 23, 2008.[3]

Petitioner's subsequent petition for Rule 37 relief did not toll the limitations period because it was untimely, and only a "properly filed application for State post-conviction" review can toll the limitations period. 28 U.S.C. § 2244(d)(1)(A). "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). "[A]n untimely

---

[2] The Court would note that Petitioner's claims are also procedurally-barred because he failed to raise them in state court, among other things. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted."). The Court need not address Petitioner's arguments regarding cause and prejudice or actual innocence because his petition is clearly time-barred and because he failed to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

[3] Respondent's limitations discussion presumes that the relevant starting date for the ninety day period would have been the date of the Arkansas Supreme Court's mandate on May 13, 2008, but the Court does not believe that this would be correct under Supreme Court Rule 13.1 (explaining that a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment") and the recent decision in *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (explaining that prisoners who do not seek review from the Supreme Court fall under the "expiration of the time for seeking such review" prong and that the date of a state court's mandate is apparently irrelevant for federal habeas purposes).

petition would not be deemed 'properly filed.'" *Id.* at 413 (quoting *Artuz v. Bennett*, 531 U.S. 4 (2000)).

After running for 303 days, the limitations period was tolled on May 22, 2009, when Petitioner filed his state habeas petition. However, this tolling ended on July 27, 2009, the day the circuit court denied his petition. "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)). Thus, Petitioner's August 31, 2009 appeal to the Arkansas Supreme Court had no effect on the limitations period, and Petitioner was required to file the current petition by September 28, 2009.[4] He did not file his federal habeas petition until December 9, 2010, which was well over a year past the deadline.

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief,[5] new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary

---

[4] The limitations period would technically have expired on September 27, 2009, but that was a Sunday.

[5] Petitioner argues that his claims should not be procedurally barred for a failure to exhaust because his petitions and appeals for postconviction relief were timely under the prison mailbox rule. This argument does not refer to the limitations period, but it would not prevent his petition from being untimely even if it did.

circumstances beyond a prisoner's control make it impossible to file a petition on time."). Accordingly, the Court finds that the Petitioner's petition is time-barred.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.0

SO ORDERED this 24th day of April, 2012.

_____
United States Magistrate Judge